

FILED
MAR 0 8 2018
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    16 CR 734 |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| FLOYD O'HARA | ) | |

## DEFENDANT O'HARA'S PLEA DECLARATION

The defendant, FLOYD O'HARA, after extensive consultation with his attorney, Gal Pissetzky, acknowledges and states the following:

1. The indictment in this case charges the defendant with knowingly possessing material that contained an image of child pornography that involved a prepubescent minor and a minor that had not obtained 12 years of age, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count One); knowingly converting to his own use property of the United States, in violation of Title 18, United States Code, Section 641 (Count Two); and corruptly altering an object with the intent to impair the object's integrity and availability for use in an official proceedings, in violation of Title 18, United States Code, Section 1512(c)(1) (Counts Three and Four).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which the Defendant is Pleading Guilty

4. By this Plea, defendant will enter a voluntary plea of guilty to the Count Four of the Indictment in this case. Based on conversations with the government, the government agrees to dismiss Counts One through Three at the time of sentencing.

5. At the time of plea and if the court assets this plea, Mr. O'hara will withdraw any and all pending motion, including but not limited to the previously filed Franks Motion.

### Factual Basis

6. Defendant admits to the facts set forth in the Indictment, Count Four. More specifically, that on or about April 5, 2016, he corruptly altered the hard drive of a Dell Optiplex 755, Serial #J1F3BH1, with the intend to impair the object's integrity and availability for use in a prosecution for allegation of possession of child pornography, in violation of Title 18, USC, Section 1512(c)(1).

### Maximum Statutory Penalties

7. Defendant understands that the charge to which he will plead guilty carries a statutory maximum penalty of 20 years imprisonment, a statutory maximum fine of $250,000, as well as a term of supervised release of at least three years.

8. Defendant understands that in accordance with federal law, 18 U.S.C. §3013, upon entry of judgment of conviction, he will be assessed $100 on the Count to which he had pled guilty, in addition to any other penalty imposed.

### Preliminary Sentencing Guidelines Calculations

9. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10. For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, it is Defendant's preliminary position that the following advisory guidelines calculations might apply:

   (a.) **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual in effect at the time of the offense, namely the November 2016 Guideline Manual.

   (b.) **Offense Level Calculations.**

   1. Mr. O'Hara believes that the base offense level for the charge in Count Four of the indictment, pursuant to §2J1.2(a)(1), is 14.

2. Mr. O'Hara admits his guilt, is extremely remorseful for his crime, and accepts full responsibility for his actions. He understands that a 2-level reduction for acceptance of responsibility under §3E1.1 may apply, if this Court finds that he has in fact accepted responsibility for his actions.

3. Furthermore, Mr. O'Hara informed the Court and the government that he intended to plea in a timely manner, and has pled guilty in a timely manner, thus permitting the government to avoid preparing for trial. If appropriate, an additional 1 level reduction is therefore appropriate pursuant to §3E1.1(b).

4. Mr. O'Hara reserves the right to request a downward departure or variance on any grounds he deems appropriate and pursuant to 18 U.S.C. § 3553. He understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

(c.) **Criminal History**. With regard to determining Mr. O'Hara's criminal history points and criminal history category, based on the facts known at this time, his criminal history points equals 0, and Mr. O'Hara's criminal history category is 1.

(d.) **Anticipated Advisory Sentencing Guideline Range.** Therefore, based on the facts known to Mr. O'Hara at this time, his advisory guideline range, based on an adjusted offense level of 12 with a criminal history I, is 10-16 months of incarceration.

(e.) Defendant understands that the probation office and the government will conduct their own investigations and that the Court will ultimately determine the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

(f.) Errors in calculations or interpretation of any guidelines or laws may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines or laws and their application.

## Trial Rights and Appellate Rights

11. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) **Trial rights.** If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.

    i. The trial could either be a jury trial or trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    ii. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualifications is shown, or without cause by exercising so-called peremptory challenges.

    iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately. The jury would have to agree unanimously before it could return a verdict or either guilty or not guilty.

    iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    v. At a trial, whether by a jury or judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi. At a trial, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through subpoena power of the Court. A defendant is not required to present any evidence.

    vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(b) **Appellate rights.** Defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal

the validity of this plea of guilty, the legality of the sentenced imposed, and any other issue available and not explicitly waived.

(c) Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

(d) Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Limitations and Consequences of this Plea Declaration

12. Defendant understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

13. Defendant further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Defendant understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guidelines range in one factor which this Court is required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

15. Should this Court refuse to accept defendant's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later proceedings pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

16. The defendant understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are lawful and appropriate.

17. The defendant understands that this plea declaration and accompanying plea resolve only Count Four of the indictment. At the time of sentencing the government agreed to dismiss Courts One through Three. By this plea, defendant knowingly waives and forfeits any and all speedy trial objections or issues with respect to Counts One through Three, which might arise concerning a delay of resolution of Counts One through Three until the time of sentencing on Count Four.

18. Defendant agrees that this Plea Declaration shall be filed and become part of the record of the case.

19. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Defendant further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 8th day of March, 2018.

_____
Floyd O'Hara, Defendant

_____
Gal Pissetzky
Attorney for Defendant

Pissetzky & Berliner, LLC
53 W. Jackson Blvd., Suite 1515
Chicago, Illinois 60604
(312) 566-9900